# CLARK *v.* ROLLER.

# ROLLER *v.* CLARK.

APPEALS FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

Nos. 72, 451. Argued November 9, 10, 1905.—Decided December 4, 1905.

*Semble* a bill for partition cannot be made the means of trying a disputed title.

If upon a bill of partition a defendant claims a paramount title and possession on grounds which give color to his claim and against which the plaintiffs at least are not entitled to equitable relief, the proper course is to suspend the bill and give the plaintiffs an opportunity to sue at law.

---

If a bill for partition is dismissed for laches and want of jurisdiction as
against a defendant claiming a paramount title, and afterwards the
court proceeds to decree a partition and sale, the dismissal is not a bar
to a subsequent petition of the defendant to come in and oppose the
creation of a cloud upon his title.

A decree confirming and adopting a report of commissioners recommend-
ing a conveyance of part of the land to certain of the parties and a sale
of the residue and distribution of the proceeds as thereafter ordered
when the sale was confirmed by the court, is not a final decree.

THE facts are stated in the opinion.

*Mr. Leo Simmons* for appellant in No. 72 and appellee in
No. 451.

*Mr. John E. Roller pro. se,* with whom *Mr. J. O. B. Roller*
was on the brief, for intervenor and appellee in No. 72 and for
appellant in No. 451.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a decree dismissing a bill brought by
the Clarks for partition of certain land in the District of Colum-
bia, and a cross appeal by Roller, to protect his rights in case
the whole record should be held to be brought up by the appeal.
A short history of the case is necessary to make the questions
intelligible. The bill was filed on November 24, 1893. On
January 23, 1894, Roller petitioned to be made a party on the
ground that he claimed the title, and two days later his petition
was granted. On February 13 he answered, setting up a tax
title in himself and the exercise of all rights of ownership and
possession for nearly half a century, and also a previous decree
between the parties. By a supplemental bill the plaintiffs al-
leged defects in the tax title and prayed that it might be de-
clared void. The previous decree referred to was rendered in
an earlier suit, which was like the present, except that it made
Roller a party. In that suit Roller demurred on the grounds
of laches and that the bill ought not to be maintained until the

plaintiffs had established their title at law, and the bill was dismissed as against Roller in general terms. There was testimony that the judge stated that he dismissed the bill for laches and on the other grounds set up.

On May 5, 1896, the present bill was dismissed as to Roller, on the grounds that the court had no jurisdiction as against him, that the bill was made multifarious by joining him, and that the plaintiffs were barred from equitable relief against him by laches. The next day the court ordered partition and appointed commissioners. The same month Roller entered an appeal from these decrees, which, however, was dismissed on October 24, 1898, for failure to give security for costs. On May 29, 1896, the commissioners made return, and on June 30, 1896, their report was confirmed. A conveyance of a part of the property was ordered, and a sale of the rest. It was further ordered that, on a ratification of the sale by the court and payment, the purchase money should be brought into court to be disposed of under its direction. A sale was not advertised until June, 1901. On July 26, 1901, Roller made a new application to come in, on the ground that the proceedings should have stopped after the decision and decree as to him, that he was in possession, and that the sale had not taken place, and if it did would be a cloud upon his title. On September 9, 1901, answers were filed to this petition, denying Roller's title and possession, and setting up that the possession was in one of the defendants in partition, and that the matters alleged had been adjudicated by the decrees in the cause. On November 6, of the same year, Roller's new petition was denied by the Supreme Court. He appealed, and in 1902, the mandate being filed on February 20, 1903, the decree of the Supreme Court was reversed by the Court of Appeals of the District, and the cause was remanded for further proceedings not inconsistent with the opinion of the court. The opinion is reported 19 App. D. C. 539.

In that opinion it was stated that the proper course was to suspend proceedings under the bill in order to give the com-

plainants reasonable time to establish their title at law. An application for rehearing was denied, and it was stated that the plaintiffs virtually conceded that the decree of partition was at least premature, but relied on the ground that it became final at the expiration of the term at which it was rendered. The plaintiffs, on November 27, 1903, filed a paper alleging that they were in possession and that the matter was adjudicated as against Roller, and stood upon the record. Thereupon, on January 6, 1904, a final decree was entered by the Supreme Court, dismissing the bill without prejudice. This was affirmed by the Court of Appeals on May 24, 1904. From the latter decree the parties have taken the present appeals. It will be seen from what had preceded that the bill was dismissed because the plaintiffs, by their election of November 27, 1903, had declined to accept the suggested suspension of the bill and to proceed at law. The question is whether, generally, and specially in the stage the case had reached, the condition attached to further proceeding with this cause was right.

A preliminary question is raised by the defendant Roller, who argues that the previous decree of the Court of Appeals reversing the denial of his petition to come into the case a second time was a final decree and settled the merits of the case. No doubt it did pass upon the merits as we have explained, but it was not a final decree. It contemplated and required further proceedings, and not until the plaintiffs had elected to stand upon the record could it be known what those proceedings would be. Only then was it determined that the bill should be dismissed rather than suspended with a possibility that after a suit at law the partition might go on.

It was adjudicated in the other suit that the plaintiffs were not entitled to have Roller's claims disposed of summarily as an incident to a suit for partition, and therefore they cannot be heard to maintain in this suit that those claims are absurd. Indeed, whatever may be the final result, it is obvious that Roller shows a good deal more than a naked averment of title. That he holds under a tax sale is not disputed, although it is

argued that the sale was void. He kept the land fenced from shortly after his purchase in 1887 into 1892, and he sets up that his possession continued when the suit was brought. He paid the taxes on the land, except for one year, and he says that the payment for that year was omitted by oversight. So far as general principles go we certainly should not reverse the decision of the Court of Appeals that the petitioners ought to establish their title at law before partition should be decreed. *Wilkin* v. *Wilkin*, 1 Johns. Ch. 111. *Giffard* v. *Williams*, L. R. 5 Ch. 546. "A bill for partition cannot be made the means of trying a disputed title." *Bolton* v. *Bolton*, L. R. 7 Eq. 298a, 300. *Potter* v. *Waler*, 2 De G. & Sm. 410, 417.

It would seem from what we have quoted that this was pretty nearly admitted before the Court of Appeals, but it was and is argued that the point was not open. It is said in the first place that when the bill was dismissed as against Roller, on May 5, 1896, that was a final decree as to him, and that he could not be heard later in this court. No doubt the decree was final as to what it decided, and he is not likely to quarrel with it. But it would be an extraordinary result of a decision that nothing could be done to a party's prejudice in a suit, if it were held to preclude him from reappearing at a later stage to protest when the court was about to cast a cloud upon his title. If later unexpected features arose, we see nothing in the dismissal of the bill as against Roller to prevent his again being heard. That dismissal gave him a right to expect that a sale of property to which he was recognized as having a colorable claim would not be ordered until the title of the plaintiffs was made good. Even if he properly should have been allowed to remain a party to the bill in order to make sure that no decree should be made prejudicial to his rights, as to which we need not express an opinion, the dismissal of him from the suit, on the ground that no such decree could be made, cannot be turned into a weapon against him to prevent his objecting to the decree when it is made in fact.

It is argued further that the decree of June 30, 1896, con-

firming the commissioners' report, was final. But this cannot be so. The set off of a parcel to certain parties was part of a scheme of division by which other parties were to be paid in money, and those to whom the land was set off were to receive a small additional sum. The whole plan, therefore, was, dependent upon a sale of the remaining land, which had not taken place, and which required the confirmation of the court. If the sale produced a much smaller sum than expected, the set-off necessarily would fall, and a new order would be required. The whole matter was *in fieri*, and subject to change if for any reason it became necessary or desirable to change the plan. See *Iowa* v. *Illinois*, 151 U. S. 238; *McGourkey* v. *Toledo & Ohio Central Ry. Co.*, 146 U. S. 536; *Keystone Manganese & Iron Co.* v. *Martin*, 132 U. S. 91. In *Willard* v. *Willard*, 145 U. S. 116, it is true, an appeal was entertained from a general decree of sale for partition. The question whether the decree was final was not considered, but there there was no such element of uncertainty in the scheme as in the present. Whatever the result of this sale it was the proper means of division and was to take place in any event.

The argument took a wider range than the matters which we have discussed, but we deem nothing further material for the decision of the case. The defendant Roller seeks to have us now consider his title and declare it good. But it is obvious that he gets all that he can hope for by his intervention when partition is postponed to a trial at law. With regard to the plaintiffs' contention that they are in possession, if they desire to rest on that they can. If they prefer to sue and to settle the matter, it is not likely that Roller will deny the possession which in this case he affirms. But to secure the plaintiffs' rights the decree may be modified so as to allow them a reasonable time to sue, the bill to be dismissed unless they do so, and it may be made a condition of the decree that in case a suit is brought Roller shall admit that he is in possession as he now avers.

*Decree modified and affirmed.*