# HEALEY *v.* MARONEY.

SPECIAL APPEALS; EQUITY; INJUNCTION.

1. A special appeal was allowed by this court from an interlocutory order in equity enjoining the prosecution of ejectment suits and framing issues for trial by jury, where it appeared that the trial of the issues would result in vexatious delay and costs, to no purpose if it should afterwards be determined, on an appeal from a final decree, that the equity court had no jurisdiction to determine the question between the contesting claimants.

2. A court of equity has no jurisdiction, under the guise of an ejectment bill, to determine the question of legal title.

3. While a court of equity has the power to provide for the care and preservation of property pending the trial of actions of ejectment by rival claimants to recover possession of it, after so doing it has no jurisdiction, at the instance of a party in possession who disclaims title, and who, without objection, has paid into court the rents and profits received by him, and has been discharged from further accountability therefor, to enjoin the further prosecution of the ejectment suits and frame issues for trial by jury to determine the question of legal title as between the rival claimants; but under such circumstances the court will retain the cause until the eject-

ment suits are settled. (Citing *Roller* v. *Clarke*, 19 App. D. C. 539, s. c. 199 U. S. 541, 50 L. ed. 300, 26 Sup. Ct. Rep. 141.)

No. 2064. Submitted October 2, 1909. Decided November 2, 1909.

HEARING on an appeal by an intervener (specially allowed) from a decree of the Supreme Court of the District of Columbia framing issues to be tried by a jury in a suit to enjoin the prosecution of actions of ejectment. *Reversed.*

The COURT in the opinion stated the facts as follows:

This suit was begun by a bill filed by Catherine Maroney against Stone & Fairfax, a corporation, and Harry E. Keiler, on May 1st, 1909.

The bill alleges the following facts substantially: Mary Shugrue, a resident of the District, died on May 28, 1894, seized in fee of part of lot 13 in square 763 in the city of Washington, with improvements thereon. That the sole heir of decedent was Edward D. Brown, the son of complainant, whose father was a nephew of Dennis O'Connor, the father of decedent. The said land devolved upon said Brown as sole heir at law of decedent. Said Brown, since dying, left complainant his sole heir at law. On June 1, 1905, Stone & Fairfax entered upon said premises, ejecting complainant, and have since retained the possession through their tenant, defendant Keiler. On April 29th, 1909, complainant began an action of ejectment against said defendants in the supreme court of the District. That large sums have been received by Stone & Fairfax as rents and profits from said premises. The reasonable value of said rents is $32.50 per month, and complainant is not informed how long said Stone & Fairfax have received the same, but believes that they have so done for a period of several years. That none of said revenue has been applied to the payment of taxes, and the premises have been sold for the same. The property is in need of repair in order to protect it, and the conditions require the appointment of a receiver to make repairs, pay taxes, etc., pending the litigation.

The prayers were that defendants be enjoined from paying said revenues to any other person; that a receiver be appointed to take charge of the property and accrued rents, make repairs, pay taxes, and hold the same subject to the discretion of the courts; and that Stone & Fairfax be compelled to discover the amounts of rent received and account for the same.

On May 3, 1909, having obtained leave so to do, Jeremiah Healey filed a petition in intervention in said cause.

This petition alleges substantially: That petitioner is a resident of Ireland. It repeats the allegations of the bill as to ownership of the premises by Mary Shugrue, and her death May 28, 1894. That the nearest relatives of decedent at the time of her death were petitioner and his brother, who were first cousins of decedent. That Catherine Maroney is not the heir of decedent, and was not related to her on her father's side, but is a second cousin on the mother's side. That Bessie Quinlan, a distant relative of decedent, was appointed administratrix of the estate of said Mary Shugrue, and acted as such until her death, about one year ago. That since her death Stone & Fairfax, who were collecting the rents for her up to that time, have continued to collect the same. That the said brother of petitioner, Daniel Healey, departed this life a few months ago, leaving petitioner as his sole heir at law. Petitioner joins in the prayer for the appointment of a receiver, for discovery of the rents collected, and for an order directing same to be paid to petitioner.

Catherine Maroney answered the foregoing petition, denying that said Jeremiah Healey is the sole heir at law of Mary Shugrue, and alleging that Edward D. Brown, deceased, under whom she claims, was the first cousin of decedent on the paternal side.

On July 8, 1909, the court passed an order appointing James K. Polk, attorney of Catherine Maroney, and Wilton J. Lambert, attorney for Healey, receivers of the premises, authorizing them to take possession and to collect the rents thereof.

On July 26, 1909, Stone & Fairfax and said Keiler filed a petition in the cause, in which they allege the following facts in substance: That, before the filing of the bill, Catherine

Maroney had brought an action of ejectment against said Stone & Fairfax, and said Jeremiah Healey had also filed an action of ejectment against Stone & Fairfax. That no pleas have been filed in said actions, and petitioners are harrassed by a multiplicity of suits. That the business of Stone & Fairfax was, in part, the collection of rents of real estate, and the making of contracts for tenancy. That about July 28, 1906, one Bessie Quinlan placed premises in charge of Stone & Fairfax for the purpose of renting the same. Stone & Fairfax rented the same to said Keiler on November 16, 1906, for $32.50 per month, and accounted to the said Quinlan for the same until her death, in April or May, 1907. That Stone & Fairfax now have in possession the sum of $804 of said rents. That, before the filing of their ejectment actions, both Maroney and Healey demanded said rents, each asserting title thereto and to said premises. Petitioners did not act in collusion with either claimant, and are ready to bring into court the said sum of money and surrender the same to the receivers, whose appointment they did not contest, as well as to surrender the premises. That, notwithstanding the appointment of said receivers, the said Healey and Maroney threatened to take judgments in said ejectment suits. That the titles of said claimants are derived from a common source, and petitioners claim no interest in the subject-matter and stand indifferent between the parties.

They pray that said Maroney and Healey be enjoined from prosecuting said ejectment actions, and compelled to settle their dispute between themselves. An account was filed as an exhibit to this petition, showing the rents collected and certain expenses paid. The balance on hand is stated as $804.90. Catherine Maroney and Jeremiah Healey respectively answered this petition, but it is unnecessary to state the same.

On July 29, 1909, the cause was heard in the pleadings, and a decree was passed enjoining the further prosecutions of the actions of ejectment, and ordering the receivers to pay to E. H. Thomas, the attorney of Stone & Fairfax, the sum of $100 as fees, with no costs to be taxed against Stone & Fairfax or Keil-

er. It was further ordered that issues be framed and certified to the circuit court for trial by jury as follows:

1. Was Edward Brown at the time of his death, in 1899, the sole heir at law of Mary Shugrue, deceased?

2. Is Catherine Maroney, the complainant in this cause, the sole heir at law and devisee of said Edward D. Brown, deceased?

3. Is Jeremiah Healey, the intervening petitioner in this cause, the sole heir at law of Mary Shugrue, deceased?

4. Which of said parties, Catherine Maroney or Jeremiah Healey, is entitled to the real estate described in this cause?

Jeremiah Healy applied to the court of appeals for the allowance of a special appeal from the whole of this decree, and the same was allowed August 27th, 1909.

*Mr. Wilton J. Lambert* and *Mr. Rudolph H. Yeatman* for the appellant.

*Mr. Edward H. Thomas* for the appellees Stone & Fairfax and Harry M. Keiler.

*Mr. Robert W. Bonynge, Mr. James K. Polk, Mr. Noel W. Barksdale,* and *Mr. Andrew Wilson* for the appellee Catherine Maroney.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The trial of the issues formed and certified in the interlocutory order appealed from will result in vexatious delay and costs, to no purpose, should it afterwards be determined, on an appeal from a final decree, that the equity court had no jurisdiction to determine the question between the contesting claimants. For that reason the special appeal has been allowed, in the exercise of the discretion committed to this court.

No question is raised by any of the parties to the jurisdiction of the equity court to appoint receivers to control and care for

the·property, and to collect and preserve .the rents· and .revenues thereof, pending the determination of the question of title. Stone & Fairfax, who were in the actual. possession, disclaimed any interest in the .property, and have. surrendered. the same. to .the receivers. They also rendered an account of the receipts of rents by them during·their possession, which has been stated and the ascertained amount delivered to the receivers. Both ·of the claimants of the title joined in the prayer for the appointment of the receivers. The conditions presented seem to furnish an eminently. proper case for the interposition ·of· equity ·to that extent. . No objection has been raised to the settlement of the account..of Stone & Fairfax, and their virtual.discharge from the cause, and, on the argument· in this court, the appellant specially waived objection to that portion of the· order settling the account, which made an allowance to Stone & Fairfax for the costs. incurred ·by them. in the proceeding.

The single question for our consideration, then, is whether the equity court had jurisdiction to make the further order staying the prosecution ·of the actions of ejectment, and directing issues to be tried, under its supervision, to determine the question of title between Maroney and Healey. The titles of the respective claimants, as disclosed by their pleadings, are strictly legal.. Each· has an adequate ·and .complete remedy at ·law by action of ejectment. A court of equity clearly has no jurisdiction, under the guise of an ejectment bill, to determine the question of legal title. ·.

It is contended by the appellees that the equity court, having obtained jurisdiction for the purpose of appointing the receivers .of .the property,·may retain· that jurisdiction for the purpose of deciding the whole controversy between the parties, notwithstanding their rights are strictly legal, and the final remedy is of the kind which would be given in a court of· common law. The rule relied on is a ·familiar one, but we cannot agree that it governs this case. . ·

The equity court had no jurisdiction over any part of the subject-matter of the controversy between the complainant, Maroney, and .the intervener, Healey. ·

Each of them had begun an action of ejectment to try the question of title in the only court in which it should be tried, namely, a court of law.

The only remedy sought was the preservation of the property pending litigation. It was not an original, but an ancillary, suit for the preservation of the subject-matter of the litigation. The jurisdiction of the equity court is limited to that end. *Erhardt* v. *Boaro,* 113 U. S. 537, 539, 28 L. ed. 1116, 1117, 5 Sup. Ct. Rep. 565. The case is analogous to that of a partition suit of which an equity court has undoubted jurisdiction, in the progress of which it is made to appear that the legal title to the land is disputed. Upon the development of that fact the court of equity can only suspend the proceeding and retain the bill to give the parties a reasonable opportunity to proceed at law for the settlement of the question of title. *Roller* v. *Clarke,* 19 App. D. C. 539, 545, s. c. 199 U. S. 541, 50 L. ed. 300, 26 Sup. Ct. Rep. 141.

It is also contended that, Stone & Fairfax having filed an answer, which is to be regarded as in the nature of a cross bill of interpleader, the equity court has jurisdiction on that ground to avoid a multiplicity of suits. It would seem to be a novel proposition that one in the wrongful possession of land can, by a bill of interpleader, to protect himself from actions of ejectment and recovery of damages therein, by different claimants, bring the question of legal title thereto within the cognizance of equity.

If it be true that one in possession of land without claim of any interest therein may abandon that possession and disclaim title in an action of ejectment, and then, having profits derived therefrom in which he claims no interest, be entitled to a bill of interpleader against opposing claimants in order that he may have protection against independent actions by said several claimants, that relief has already been given. Without objection, Stone & Fairfax have been permitted to render an account and pay the money into court by a decree against which no one of the parties complains. The entire purpose of their so-called interpleader has been accomplished. Having posses-

sion of the property and the fund for the purpose of their conservation, the court of equity will retain the same until the question of title to the land can be settled by a court of law. This ancillary relief which it is entitled to give furnishes no foundation for assuming jurisdiction to determine the question of legal title. If the prosecution of the actions of ejectment against Stone & Fairfax are continued, they can enter a disclaimer, and, as to the claim for past rents and revenues, they may plead in bar the decree of the equity court respecting the same, in which the other parties have acquiesced. Our conclusion is that so much of the interlocutory decree as enjoins the prosecution of the actions of ejectment, and frames issues for the trial of title to the land, is erroneous. It will therefore be reversed with costs, and the cause will be remanded, with direction to vacate that portion of the decree, and for further proceedings not inconsistent with this opinion. *Reversed.*

On December 15, 1909, this court modified its decree so as to tax the costs in this court against the funds in the hands of the receivers.