Mr. Justice Kobb
delivered the opinion of the Court:
This is an appeal from a decree of the supreme court of the District, upon a bill filed by the appellee, Mary J. Leesnitzer, against the appellant, Margaret E. Taylor, in ber own right and as executrix of her deceased husband, and against Elizabeth E. Padgett and Eranklin 0. Padgett, ber husband, averring that the testator acquired the real estate described in the bill subsequently to the execution of bis will, and that at hia death said real estate vested in bis beirs, Mrs. Leesnitzer and Mrs. Padgett; that appellant had not renounced under the will within the time fixed by law, and was thereby barred of dower *358 right in the estate. Appellant demurred to the bill, the demurrer was overruled and decree passed ordering the sale of the property and the division of the proceeds between the heirs, without dower to appellant. The case was brought here, where the appeal was dismissed on the ground that Mrs. Padgett had not been made a party thereto (31 App. D. C. 92). Thereupon an appeal was taken to the Supreme Court of the United States, and that court, on March 20, 1911, reversed our judgment, and remanded the cause to this court for further proceedings.
In its opinion, the Supreme Court incidentally directed attention to the fact that the bill was adverse to appellant’s right tinder the will, and that it was sought to have her declared barred of her dower. The court then, without further^ comment, cited Clark v. Roller, 199 U. S. 541, 50 L. ed. 300, 26 Sup. Ct. Rep. 141. That case is authority for the proposition that a bill of partition cannot be made the means of trying a disputed title. In this case, however, there are no disputed questions of fact, the real question being the interpretation of the will; and inasmuch as no objection has been or is now made to the jurisdiction, we see no reason why the case may not be disposed of in this proceeding, and thus save the' parties additional, and, in the circumstances, needless, expense.
Thomas Taylor, under whom all the parties claim, died December 31, 1905. He was survived by his widow, his only heirs being his two half-sisters, Mrs. Leesnitzer and Mrs. Padgett. His will, dated September 16, 1889, reads as follows:
“In the name of God, Amen. I, Thos. Taylor, of the city •of Washington, in the District of Columbia, being of sound and •disposing mind and memory, considering the certainty of death •and the uncertainty of the time thereof, do make, publish, and ■declare this my last will and testament, hereby revoking all former wills by me at any time made.
“I commit my soul to Almighty God, and my body to the •earth, to be decently buried at the discretion of my executrix, hereinafter named, and after the payment of all my just debts, including the expenses of my last sickness and my funeral, I give, devise, and bequeath unto my dearly beloved wife, Mar *359 garet E. Taylor, her heirs and assigns, all of my estate, both real and personal.
“I nominate, constitute, and appoint my deafly beloved wife, Margaret E. Taylor, executrix of this, my last will and testament, and request that no bond be required of her as such.”
Under the act of January 17, 1887 (24 Stat. at L. 361, chap. 25), it was provided that any will thereafter executed devising real estate in the District of Columbia, from which it should appear “that it was the intention of the testator to devise property acquired after the execution of the will,” should be held to operate as a valid devise of all such property. This provision was superseded by sec. 1628 of the Code [32 Stat. at L. 545, chap. 1329], which became effective January 1, 1902, as follows:
“Any will hereafter executed which shall, by words of general import, devise all the estate or all the real estate of the testator, shall be deemed, taken, and held to operate as a valid devise of any real estate acquired by such testator after the execution of such will, unless it shall appear that it was not the intention of the testator to devise such after-acquired property.”
The effect of the above section evidently having been brought to the attention of Congress, that body, by the act of June 30, 1902 (32 Stat. at L. 545, chap. 1329), amended the section to read as follows:
“Sec. 1628. After-Acquired Real Estate.—Any will executed after January seventeenth, eighteen hundred and eighty-seven, and before the first day of January, nineteen hundred and two, devising real estate, from which it shall appear that it was the intention of the testator to devise property acquired after the execution of the will, shall be deemed, taken, and held to operate as a valid devise of all such property; and any will hereafter executed which shall, by words.of general import, devise all the estate, or all the real estate of the testator, shall be deemed, taken, and held to operate as a valid devise of any real estate acquired by said testator after the execution of such will, unless it shall appear therefrom that it was not the intention of the testator to devise such after-acquired property.”
*360 The court below followed the ruling of this court in McAleer v. Schneider, 2 App. D. C. 461; Bradford v. Matthews, 9 App. D. C. 438; and Crenshaw v. McCormick, 19 App. D. C. 494, and held tbat the intent to pass property acquired after the execution of the will did not affirmatively appear from the terms of tbat instrument. the earliest of those cases was decided February 21, 1894. Hardenbergh v. Ray, 151 U. S. 112, 38 L. ed. 93, 14 Sup. Ct. Rep. 305, was decided January 3, 1894. that ease arose in the State of Oregon, and the question in issue was wbetber after-acquired real estate passed by a clause in the will devising “all my right, title, and interest in and to all my lands, lots, and real estate lying and being in the State of Oregon.” the statute in force in Oregon provided tbat “every person of twenty-one years of age or upwards, of sound mind, may, by last will, devise all bis estate, real and personal, saving to the widow her dower.” the court stated tbat there were two questions for determination; wbetber, at the time of the execution of the will, the testator possessed testamentary power to devise after-acquired lands, and wbetber, if such power existed, the intention to exercise it was manifest in the will. Both questions were decided in the affirmative. the court held the devise to the testator’s sister of all bis right, title, and interest in and to all bis lands, lots, and real estate lying and being in the State of Oregon or elsewhere, except as to specific devises, previously made, and also of all testator’s personal property and estate, to be “sufficiently comprehensive to indicate an intention to pass everything of which he might die seised and possessed, both of real and personal property;” tbat this disposition of bis estate was residuary in its character, and “utterly inconsistent with an intention to die intestate as to any portion of bis estate, real or personal.” the court made speeiál reference to the case of Wait v. Belding, 24 Pick. 129, wherein it was said tbat “tbe term ‘all my property’ may as well include all which may be bis at bis decease, as all which is bis at the date of the will; and will be construed to be so intended unless there are words in the description which limit and restrain it.” the Supreme Court expressed the opinion *361 that the views advanced in Wait v. Belding were directly in point, and closed its opinion with the following: “It may therefore be laid down as a general proposition, that where the testator makes a general devise of his real estate, especially by residuary clause, he will be considered as meaning to dispose of such property to the full extent of his capacity; and that such a devise will carry not only the property held by him at the execution of the will, but also real estate subsequently acquired, of which he may be seised and possessed at the date of his death, provided there is testamentary power to make such disposition. 1 Jarman, Wills, 5th ed., 326, and other authorities cited.”
In the present case there was undoubtedly testamentary power to dispose of after-acquired real estate, and tested by the rule above announced in Hardenbergh v. Ray, we think an intention to exercise that power clearly appears. The testator provided for his interment and for the payment of all just debts. He then devised and bequeathed unto his wife, her heirs and assigns, all of his estate, both real and personal. The will makes no distinction between real and personal property; and yet we are asked to hold that the testator intended to pass subsequently acquired personalty, and not subsequently acquired realty.
The language of this will being fully as comprehensive, and the intention to pass subsequently acquired real estate being fully as apparent, as in Hardenbergh v. Ray, this case is clearly ruled by that, unless it appears that by said act of June 30, 1902, Congress intended to prescribe one rule for the period intervening between January 17, 1887, and January 1, 1902, and a different rule thereafter. We do not think it does. Section 1628, as carried forward into the Code of January 1, 1902, apparently restricted the power to devise after-acquired real estate to wills thereafter executed. Congress, therefore, when its attention was directed to the matter, prefixed the exact language of the act of 1887 to the section, and thus made that act effective down to January 1, 1902. An examination of said section, as finally amended by the act of June 30, 1902, we think fails to disclose any conflict between the two provisions *362 therein. The Supreme Court of the United States, whose decision was of course controlling in this jurisdiction, had held that a general devise of real estate would be considered a disposition of such property of the testator to the full extent of his capacity, including that subsequently acquired. The first part of the section conferred the power to pass subsequently .acquired real estate, requiring only that the intent to do so should appear from the language of the devise. The second part conferred the same power, and expressly provided that certain forms of expression should be held to pass such estate unless •.a contrary intention appeared.
We conclude, therefore, that the language of this will passed ■subsequently acquired real estate. This disposes of the case.
The decree is reversed, with costs, and the cause remanded :for further proceedings. Reversed and remanded.