## RAMBO et al. v. UNITED STATES.
### No. 10959.

Circuit Court of Appeals, Fifth Circuit.
Nov. 14, 1944.

Writ of Certiorari Denied Feb. 26, 1945.
See 65 S.Ct. 685.

See also, D.C., 2 F.R.D. 200.

Edgar Watkins and Geo. C. Spence, both of Atlanta, Ga., for appellants.

Wilma C. Martin, Atty., Dept. of Justice, of Washington, D. C., and M. Neil Andrews, U. S. Atty., and Astor Merritt, Asst. U. S. Atty., both of Atlanta Ga., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The United States is in possession of, and claims the entire title to, the lands involved in this case by virtue of a proceeding in eminent domain, but the plaintiffs assert that they are tenants in common with the Government, and that the Government owns but a small fraction of the entire title due, they allege, to the fact that the condemnation proceedings were invalid as to them because of the asserted failure of the Government to make them parties defendants in such proceedings.

Jurisdiction in this Court is predicated on subsection 25 of Section 41 of Title 28 U.S.C.A., which gives the Federal Courts jurisdiction "of suits in equity brought by any tenant in common or joint tenant for the partition of lands in cases where the United States is one of such

tenants in common or joint tenants * * *." The lower court dismissed the complaint.

■ It is pertinent to consider three well-established principles, namely: (1) Equity looks to the substance and not the shadow. (2) Statutes relaxing the immunity of the sovereign from suit must be strictly construed. (3) Federal Courts are courts of limited jurisdiction, having only such jurisdiction as is expressly conferred by statute.

This proceeding is in that court which looks to the substance rather than the form. The plaintiffs, having neither the possession of, nor the admitted legal title to any interest in, the lands, denominate their proceeding as one in partition and thereby seek to invoke the jurisdiction of this Court under Sec. 41, supra. Regardless, however, of what plaintiffs may call their action, it is one primarily to contest with the United States its title to, and its exclusive possession of, the lands involved. It is a suit to try title with partition as an incident, to be decreed only if and when the plaintiffs succeed in establishing in them a title superior to that of the United States.

■ We are fully aware of the general rule in state courts that where equity has jurisdiction for one purpose it has jurisdiction fully to dispose of the controversy, but that rule is applicable to courts having general equity jurisdiction over the persons and subject matter involved. General equity jurisdiction is not conferred upon Federal Courts in suits against the Government, and the general rule is not applicable here because of the restrictions that Federal Courts have only such jurisdiction as the statute confers, and that a statute relaxing the immunity of the sovereign against suit must be strictly construed.[1]

The United States has not consented to be sued in the District Court of the United States in suits to try title to lands claimed by it where the plaintiff is not in possession and his claim of title is denied.

■ State statutes of partition are ineffectual to confer jurisdiction on the Federal Courts or to diminish the immunity of the Federal Government against suits, and in the absence of a Federal statute to the contrary the scope of a partition suit in the Federal Court is no broader than that of the High Court of Chancery of England[2] wherein the Court in partition never dealt with questions of controverted title. Gay v. Parpart, 106, U.S. 679, text 689, 1 S.Ct. 456, 27 L.Ed. 256. See also Clark v. Roller, 199 U.S. 541, 26 S.Ct. 141, 143, 50 L.Ed. 300 in which it was reiterated that "a bill for partition cannot be made the means of trying a disputed title." This holding was in litigation between private parties, and it is quite apparent that a more liberal rule will not be applied in partition suits against the Government in view of the rule that the statutes relaxing the immunity of the sovereign against suit must be strictly construed.

In view of the absence of jurisdiction in the Court below to try the title of the United States to the lands in question it is unnecessary to discuss the other questions involved.

The judgment of the lower Court is affirmed.

---

[1] This Court, speaking through Judge Holmes, in United States v. Durrance, 5 Cir., 101 F.2d 109, 110, said:

"An action against the United States may be maintained only by its permission, and a statute dealing with the relaxation of sovereign immunity from suit must be strictly construed. Governmental liability should not be extended beyond the plain language of a statute authorizing it. Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L. Ed. 108; Price v. United States, 174 U.S. 373, 19 S.Ct. 765, 43 L.Ed. 1011; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633."

[2] "* * * The 'jurisdiction' thus conferred on the federal courts to entertain suits in equity is an authority to administer in equity suits the principles of the system of judicial remedies which had been devised and was being administered by the English Court of Chancery at the time of the separation of the two countries. Payne v. Hook, 7 Wall. 425, 430, 19 L.Ed. 260; In re Sawyer, 124 U.S. 200, 209–210, 8 S.Ct. 482, 486, 487, 31 L.Ed. 402; Matthews v. Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L. Ed. 447; Gordon v. Washington, 295 U. S. 30, 36, 55 S.Ct. 584, 587, 79 L.Ed. 1282." Atlas Life Insurance Co. v. W. D. Southern, Inc., 306 U.S. 563, text, 568, 59 S.Ct. 657, 659, 83 L.Ed. 987.