Willie **JONES**, **R. S.** Jones, **E. D.** Jones, May Garner, Alice Gibble, and Dora Jones, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

Civ. No. 411.

United States District Court, E. D. North Carolina, New Bern Division.

Dec. 27, 1954.

Allen & Allen, Kinston, N. C., for plaintiffs.

Julian T. Gaskill, U. S. Atty., Goldsboro, N. C., for defendant.

GILLIAM, District Judge.

Plaintiffs' original pleading was a petition for partition in which they allege that they are the owners of a two-thirds undivided interest in a 150-acre tract of land in Carteret County, North Carolina, and that the United States owns a one-third undivided interest as part of the Croatan National Forest. The prayer is for an actual partition of the tract of land.

When the United States filed a motion for summary judgment, plaintiffs filed an amendment to their pleading, changing the title from petition to complaint, alleging the same facts as the original petition, plus the following additional fact: An agent of the United States Government, Roy M. Dennis, Forestry Agent of the United States Forestry Service, is in possession of the land owned by the plaintiffs under the erroneous belief that it is a part of the Croatan National Forest. Plaintiffs then

asked that the complaint be taken as an action of ejectment against Dennis as to the lands of the plaintiffs and that Dennis be made a defendant.

Dennis is now a party defendant and the United States has moved to dismiss on the ground that the action against Dennis, an agent of the United States, is in effect an action against the United States itself.

The amendment to the petition also alleges, inconsistently, that plaintiffs are the owners of two-thirds of the tract of land described in the initial pleading, that the United States has taken plaintiffs' interest in said land and that compensation therefor is payable under the Fifth Amendment. Plaintiffs rely on jurisdiction under the Tucker Act, 28 U.S.C.A. § 1346(a) (2).

The amended prayer for judgment is (1) for partition of the land, (2) for ejectment of Roy M. Dennis as a trespasser on plaintiffs' land, and (3) for reasonable compensation for the taking of plaintiffs' land by the United States. Plaintiffs allege a fair value of $100 per acre and ask for a survey to determine the number of acres wrongfully taken by the United States.

The question is: Does the United States District Court have jurisdiction of the action, or any part thereof?

28 U.S.C.A. § 1347, gives the District Court original jurisdiction of any civil action commenced by any tenants in common or joint tenants for the partition of lands where the United States is one of the tenants in common or joint tenants. However, in Rambo v. United States, 145 F.2d 670, certiorari denied 324 U.S. 848, 65 S.Ct. 685, 89 L.Ed. 1408, the Fifth Circuit held that where plaintiff does not have possession or admitted legal title to any interest in the land, and the action is primarily one to contest with the United States its title to and exclusive possession of the land, there is no jurisdiction under this section. The Rambo suit was described as one to try title, with partition as an incident to be decreed only if and when plaintiff succeeded in establishing a title superior to the United States.

The instant case is on all fours with the Rambo case since plaintiffs do not allege possession of the land described in the complaint and the United States does not admit their legal title to an interest in the land.

No statute gives the United States District Courts jurisdiction of an action in ejectment against the United States as the party in possession of and claiming title to real property. If the action against Dennis as an agent or employee of the United States is in effect an action against the Government, the Government is a necessary party to the suit and there is no jurisdiction in the District Court.

Larson v. Domestic Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628, delineates the types of suits for specific relief against officers, agents or employees of the United States which are not suits against the United States and may therefore be maintained. The first case is where the officer purports to act as an individual and not as an official at all. The second case is where the officer's act is contrary to a statute or in excess of his authority under a statute. The third case is where the statute or order conferring power upon the officer to act is claimed to be unconstitutional. The Larson case held that suit against a United States officer or agent for specific relief could not be founded upon the allegation that the officer acted erroneously, or illegally in the sense that his action was a common law tort.

The case of United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171, was limited by the Larson case to a situation in which the officer's action was unconstitutional and therefore not validly authorized by the United States.

In the instant case it is clear that the action of ejectment against Dennis as an agent of the United States is in effect an action against the Government, under the Larson decision. There

is no allegation that Dennis is acting as an individual rather than an agent of the Government, that he is exceeding his statutory powers, or that his possession constitutes an unconstitutional taking of plaintiffs' property.

A case citing the Larson case on facts somewhat similar to the instant case is Andrews v. White, 121 F.Supp. 570, decided by a Tennessee District Court in 1954. The action was to restrain Government employees from trespassing on certain land within the Great Smoky National Park which was claimed by the plaintiffs. The Court dismissed the case after hearing it on the merits to determine whether jurisdiction existed. If the action was in ejectmnet it was barred by Tennessee statutes and if it was an action against United States employees for specific relief, i. e., injunction, it was barred by the Larson rule.

Both in Andrews v. White and in Wood v. Phillips, 4 Cir., 50 F.2d 714, the latter a Fourth Circuit case decided prior to Larson, the Court seemed to feel that United States v. Lee authorized an action in ejectment against a United States agent. However, in my opinion, United States v. Lee has been severely limited by Larson, and with the possibility of the landowner recovering just compensation for the wrongful taking, there may be no cases at all in which United States v. Lee will permit suit today.

Two Court of Appeals decisions explaining or commenting on the Larson case are Fay v. Miller, 87 U.S.App.D.C. 168, 183 F.2d 986, and State of New Mexico v. Backer, 10 Cir., 199 F.2d 426.

The Tucker Act, 28 U.S.C.A. § 1346(a) (2), gives the District Courts jurisdiction, concurrent with the Court of Claims, of claims not exceeding $10,000 founded upon the Constitution or any law of Congress.

Suits are authorized under this Act for just compensation for the taking of property by the United States. United States v. Dickinson, 331 U.S. 745, 67 S.Ct. 1382, 91 L.Ed. 1789; Jacobs v. United States, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142; United States v. Willis, 4 Cir., 141 F.2d 314.

Of course, a suit for more than $10,000 is beyond the jurisdiction of the Court, but plaintiffs may waive the excess. W. E. Hedger Co. v. United States, D.C., 42 F.2d 553, United States v. Johnson, 9 Cir., 153 F.2d 846.

It does not clearly appear that this Court has no jurisdiction to entertain the case in any of its aspects, and the Court, therefore, denies both motions of the United States to dismiss as upon summary judgment.