Adria Smith STANTON et al., Plaintiffs-Appellants,

v.

UNITED STATES of America et al., Defendants-Appellees.

No. 30299

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 2, 1970.

---

*  Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of   New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

W. G. Walley, Jr., Beaumont, Tex., for plaintiffs-appellants.

Lutcher B. Simmons, Orange, Tex., Shiro Kashiwa, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Walter Kiechel, Jr., Acting Asst. Atty. Gen., Roby Hadden, U. S. Atty., Tyler, Tex., Raymond N. Zagone, Eva R. Datz, Attys., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

WISDOM, Circuit Judge:

The question this case presents is whether the United States has consented to be sued under 28 U.S.C. §§ 1347 and 2409 in an action for partition of real estate when the United States disputes the plaintiffs' claim to ownership and possession of the property. We agree with the district court's holding for the United States and affirm the order dismissing the complaint for lack of jurisdiction.

The plaintiffs, children and grandchildren of one John E. Smith, filed in a Texas court a partition suit against the United States.[1] They alleged that they were owners and in possession of an undivided $\frac{10}{28}$ interest in seventy-seven acres of land in Sabine County, Texas. They also alleged that the United States owned an undivided $\frac{18}{28}$ interest in the same land. The Smiths claimed ownership of their interest through intestate succession from John E. Smith. Smith had died in 1901, leaving J. Obie Smith and Anna Carrie Smith, his two children by his first wife; Mattie Smith, his second wife; and his five children by Mattie Smith, the plaintiffs in this suit. On July 4, 1910, J. Obie Smith and Anna Carrie Smith executed and delivered a deed to the land to L. E. King. The United States derives its title to the land through King. The Smiths alleged that the deed to L. E. King conveyed title to only an undivided $\frac{18}{28}$ interest in the land, that it "could not pass to and vest in" King title to their $\frac{10}{28}$ interest in the land. Therefore, the Smiths alleged, they are ten-

---

1. The suit also named as a defendant the Sabine River Authority, a political subdivision of the State of Texas, on the theory that the United States had leased a part of the land to the River Authority. In fact, the River Authority occupies the land under a license from the Federal Power Commission.

ants in common with the United States and are entitled to have the land partitioned. They further alleged that the court had jurisdiction to partition the land under 28 U.S.C. § 2410.[2]

The United States removed the suit to the District Court for the Eastern District of Texas and moved to dismiss on the ground that 28 U.S.C. § 2410 was not here applicable. The Smiths then amended their complaint to allege jurisdiction under 28 U.S.C. § 2409.[3] The district court denied the motion to dismiss. The United States renewed its motion to dismiss, this time on the grounds that the action was an "absolute unconsented suit against the United States in which this Court has no jurisdiction to grant relief" and that the complaint failed to state a claim upon which relief could be granted. In support of its motion the United States filed the affidavit of A. E. Mandeville of the Federal Forest Service indicating that a substantial question existed as to the Smiths' title to and possession of the land. On May 4, 1970, the district court dismissed the suit.

██ "Probably no principle of law is better established than that the United States may not be sued without its consent." Simons v. Vinson, 5 Cir. 1968, 394 F.2d 732, 735–736.[4] Absent a waiver of sovereign immunity by specific congressional consent, the federal district courts have no jurisdiction over claims against the United States. Thus the district courts' jurisdiction over the United States depends entirely upon the terms of the congressional waiver of sovereign immunity. United States v. Sherwood, 1941, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058, 1061.[5] Moreover, acts of Congress waiving sovereign immunity must be strictly construed; exceptions to sovereign immunity are not to be implied. Soriano v. United States, 1957, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306, 311.[6]

By specific legislation Congress has consented to suits against the United States "commenced by any tenant in common or joint tenant for the partition of lands where the United States is one of the tenants in common or joint tenants." 28 U.S.C. § 1347. Congress has given the district courts original jurisdiction over such actions, id., and directed that those actions are to "proceed and be determined, in the same manner as would a similar action between private persons." 28 U.S.C. § 2409.

Litigation based on those sections is rare. The leading case is the decision of this Court in Rambo v. United States, 5 Cir. 1944, 145 F.2d 670. In *Rambo* the United States was in possession of the

---

2. § 2410. Actions affecting property on which United States has lien
   (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien. * * *

3. § 2409. Partition actions involving United States
   Any civil action by any tenant in common or joint tenant owning an undivided interest in lands, where the United States is one of such tenants in common or joint tenants, against the United States alone or against the

   United States and any other of such owners, shall proceed, and be determined, in the same manner as would a similar action between private persons. * * *

4. *See also* Dugan v. Rank, 1953, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15; Malone v. Bowdoin, 1962, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168.

5. *See also* United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. United States Fidelity & Guaranty Co., 1940, 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894.

6. *See also* United States v. King, 1969, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52; United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Rambo v. United States, 5 Cir. 1944, 145 F.2d 670.

land and claimed the entire title by an eminent domain proceeding. The plaintiffs contended that they were tenants in common with the United States and that the United States owned only a small fraction of the entire title because of the invalidity of the eminent domain proceeding. They sought partition of the land under the predecessor of 28 U. S.C. § 1347.[7] The district court dismissed the complaint, and this Court affirmed.

Judge Waller's opinion is enlightening:

> The plaintiffs, having neither the possession of, nor the admitted legal title to any interest in, the lands, denominate their proceeding as one in partition and thereby seek to invoke the jurisdiction of this Court under [§ 1347]. Regardless, however, of what plaintiffs may call their action, it is one primarily to contest with the United States its title to, and its exclusive possession of, the lands involved. It is a suit to try title with partition as an incident, to be decreed only if and when the plaintiffs succeed in establishing in them a title superior to that of the United States.
>
>   *   *   *   *   *   *
>
> The United States has not consented to be sued in the District Court of the United States in suits to try title to lands claimed by it where the plaintiff is not in possession and his claim of title is denied.

145 F.2d at 671. *See also* Jones v. United States, E.D.N.C.1954, 127 F.Supp. 31, 32.

■ The scope of the statute waiving sovereign immunity as to partition suits was thus confined to those cases in which the plaintiff's title is undisputed. In Judge Waller's words,

> in the absence of a Federal statute to the contrary, the scope of a partition suit in the Federal Court is no broader than that of the High Court of Chancery of England wherein the Court in partition never dealt with questions of controverted title. Gay v. Parpart, 106 U.S. 679, text 689, 1 S.Ct. 456, 27 L.Ed. 256.

145 F.2d at 671. *See also* Clark v. Roller, 1905, 199 U.S. 541, 26 S.Ct. 141, 50 L.Ed. 300.

■■ *Rambo* is controlling here. A review of the record shows that there is in this case a substantial question whether a tenancy in common exists. The Smiths, of course, assert that they are the owners of an undivided $1\%_{28}$ interest in the land in question by virtue of intestate succession from their ancestor John E. Smith. They also assert that they are in possession of their part of the land. It is true that by moving to dismiss the United States admits facts well pleaded. Nevertheless, unsupported conclusions of law or of mixed fact and law are not admitted. Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 1938, 303 U.S. 54, 57, 58 S. Ct. 466, 467, 82 L.Ed. 646, 648; Pacific States Box & Basket Co. v. White, 1935, 296 U.S. 176, 184–185, 56 S.Ct. 159, 162–163, 80 L.Ed. 138, 145–146; Hess v. Petrillo, 7 Cir. 1958, 259 F.2d 735, 736. In the latter category are the Smiths' allegations that they are tenants in common with the United States and that they are in possession.

Opposed to the Smiths' claim of ownership is the contention of the United States that it is the sole owner of the land and has enjoyed exclusive and uninterrupted possession since 1935. The United States based its claim of ownership on a 1935 deed from the Temple Lumber Company and a title examination made by the Attorney General at the time of the purchase. The affidavit of A. E. Mandeville, an Assistant Forest Supervisor for the Federal Forest Service, supports the Government's assertion of exclusive possession. The Smiths' own complaint obliquely admits that the 1910 deed from J. Obie Smith and Anna Carrie Smith to L. E. King, the Government's predecessor in title, purported to

---

7. 28 U.S.C. § 41(25) (1940 rev.).

grant the entire fee to the land. The affidavit of Norman Ener, a long-time resident of Sabine County, Texas, indicates that since 1913 no member of the Smith family has physically occupied or cultivated the land. Only recently did Adria Smith Stanton and her husband move a house trailer onto a part of the land.

Of course, we do not here decide the merits of the Smiths' claim of ownership; we hold only that a real and substantial dispute exists as to the Smiths' title to an interest in the land. It must be apparent that the fundamental purpose of this "partition" suit is to establish the Smiths' title to an interest in the land. Yet *Rambo* holds that before the district court has jurisdiction to entertain a suit for partition, the plaintiff's tenancy in common must be clear and uncontroverted. The reason for that rule is that "The United States has not consented to be sued * * * in suits to try title to lands claimed by it where the plaintiff is not in possession and his claim of title is denied." 145 F.2d at 671.

The Smiths contend that *Rambo* is no longer controlling on the scope of a suit against the United States for partition. They argue that the 1948 revision of the Judicial Code effected a significant expansion of the scope of a partition suit. Specifically, they assert that the substitution in §§ 1347 and 2409 of the words "civil action" for "suits in equity" was intended to extend the jurisdiction of the federal district courts in partition suits beyond the traditional equity jurisdiction of the High Court of Chancery of England. Thus, they say, the district court now has jurisdiction both to decide the legal question of ownership and to grant equitable relief, partition, in the event ownership is established.

■ We cannot agree. The Reviser's Notes to §§ 1347 and 2409 make clear that the substitution of the words "civil action" for "suits in equity" was for the sole purpose of conforming the wording of those sections with that of Rule 2 of the Federal Rules of Civil Procedure.

Rule 2, of course, abolished the procedural distinctions between actions at law and suits in equity and established one form of action known as a "civil action." *See, e. g.*, Michelsen v. Brush, E.D.N.Y. 1963, 224 F.Supp. 951, 953. Nevertheless, the substantive differences between legal and equitable remedies remain unaltered, and traditional principles of equity still govern the availability of equitable relief. Stainback v. Mo Hock Ke Lok Po, 1949, 336 U.S. 368, 382 n. 26, 69 S.C. 606, 614 n. 26, 93 L.Ed. 741, 751 n. 26 (injunction); Myzel v. Fields, 8 Cir. 1967, 386 F.2d 718, 741 (rescission); Bradley v. United States, 5 Cir. 1954, 214 F.2d 5, 7 (restitution); Humble Oil & Ref. Co. v. Sun Oil Co., 5 Cir. 1951, 191 F.2d 705, 713 (quiet title); Commercial Nat. Bank in Shreveport v. Parsons, 5 Cir. 1944, 144 F.2d 231, 240–241 (accounting). The present civil action for partition thus seeks substantively the same remedy as the former suit in equity, and the jurisdiction of the federal district courts to grant partition in a suit against the United States is still governed by the principles enunciated in *Rambo*.

■ Moreover, it has been held in other contexts that the Federal Rules of Civil Procedure do not themselves enlarge the jurisdiction of the federal district courts granted by a statute waiving sovereign immunity. United States v. Sherwood, 1941, 312 U.S. 584, 589–590, 61 S.Ct. 767, 771, 85 L.Ed. 1058, 1063 (Tucker Act); Rank v. Krug, S.D.Cal. 1956, 142 F.Supp. 1, 83 (McCarran Act); United States v. Cain, W.D.Mich. 1947, 72 F.Supp. 897, 901; Ferd, Mulhens, Inc. v. Higgins, S.D.N.Y.1943, 55 F.Supp. 42, 44 (Internal Revenue Act). If the Rules themselves cannot extend the jurisdiction of the district courts, the changes made in §§ 1347 and 2409 for the express purpose of conforming the wording of those sections with that of Rule 2 cannot reasonably be construed to have enlarged the jurisdiction of the district courts.

Therefore, we conclude that since the decision of this Court in *Rambo* there

has been no substantive change in the statutes waiving sovereign immunity as to partition suits. Since the Smiths' title to an interest in the land is not clear and uncontroverted and since the United States has not consented to be sued in an action to try title, the judgment of the district court dismissing the complaint must be, and is, affirmed.[8]

Affirmed.

8. Since the United States claims title to and possession of the land, it may be that the Smiths could maintain an action for compensation for a taking under the Tucker Act, 28 U.S.C. §§ 1346(a) and 1491. If the Smiths can satisfy the prerequisites to such an action, including the applicable statute of limitations, they would be entitled to have their claim of ownership adjudicated. *See* Roman v. Velarde, 1 Cir. 1970, 428 F.2d 129; United States v. Ivie, N.D.Ga.1957, 163 F.Supp. 138, 143.

* ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.