## PALMER v. DOULL MILLER CO., Inc.

(District Court, S. D. New York. May 20, 1916.)

1. MONEY RECEIVED ⬩1—ACTION—NATURE OF ACTION.

The action for money had and received is based upon equitable principles.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. § 1; Dec. Dig. ⬩1.]

2. TRIAL ⬩10—DOCKETS—EQUITABLE PRINCIPLES.

Act March 3, 1915, c. 90, 38 Stat. 956, provides that, when a suit is brought on the wrong side of the court, it shall be transferred to the appropriate side. The trustee in bankruptcy of a corporation sued a factor, who acted for such corporation, to recover part of the commissions paid the factor, alleging that in violation of Penal Law N. Y. (Consol. Laws, c. 40) § 439, the factor paid and agreed to pay part of the commissions to the corporation's president, and that the commissions allowed were in excess of the usual rate. *Held*, that as the suit was one to recover money had and received, and, whether an action at law or a suit in equity, was governed by equitable principles, defendant cannot complain that it was instituted on the equity side of the federal court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 27; Dec. Dig. ⬩10.]

3. BANKRUPTCY ⊚⇒154—ACTION BY RECEIVER—RIGHT TO SET-OFF.

In a suit by the trustee in bankruptcy of a corporation to recover a portion of commissions paid a factor on the ground that the factor, in violation of Penal Law N. Y. § 439, secretly made payments to the president of the corporation, the factor cannot offset claims made up of indebtedness upon drafts accepted for the benefit of the corporation and indebtedness growing out of a deficiency judgment against the corporation in favor of holders of its bonds, of which defendant was one, for that would tend to prejudice bona fide creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 451–455; Dec. Dig. ⊚⇒154.]

4. BANKRUPTCY ⊚⇒154—ACTION BY RECEIVER—RIGHT TO SET-OFF.

In such case, as the agreement with the factor was void and unenforceable, the set-off will not be allowed either in law or equity, but the law will leave the factor in the condition it found him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 451–455; Dec. Dig. ⊚⇒154.]

In Equity. Suit by Archibald Palmer, as trustee in bankruptcy of the Venus Silk Glove Manufacturing Company, Incorporated, bankrupt, against the Doull Miller Company, Incorporated. On motion to strike out a counterclaim contained in the answer. Motion granted.

David Harr, of New York City, for the motion.

Kellogg, Emery & Cuthell, of New York City (Earle L. Beatty, of New York City, of counsel), opposed.

MAYER, District Judge. This is a motion made by plaintiff to strike out the counterclaim contained in the answer of defendant to the amended bill of complaint, on the ground that the same does not contain facts sufficient to constitute a set-off in equity.

The suit is brought by plaintiff, as trustee in bankruptcy of the Venus Silk Glove Manufacturing Company Incorporated, a New York corporation, to recover certain moneys, alleged to amount to about $24,000, received by defendant under certain contracts which are alleged to be illegal and void by virtue of section 439 of the New York Penal Law. The bankrupt corporation was organized in December, 1913, for the purpose of engaging in the manufacture and sale of silk gloves and similar articles. Upon its incorporation it succeeded to the business of a Pennsylvania corporation which had been organized for the purpose of carrying on a similar business. Defendant corporation was accustomed to act as a factor for enterprises engaged in businesses of this nature.

The bill of complaint sets forth two causes of action. In the first cause of action it is alleged that in or about December, 1913, defendant entered into a contract with the bankrupt corporation whereby it agreed to perform for the bankrupt the services of a factor in consideration of the payment by the bankrupt to defendant of a commission of 10 per cent. of the gross income derived by the bankrupt from all of its sales. It is further alleged that contemporaneously therewith, and in violation of section 439 of the New York Penal Law, the defendant, for the purpose of procuring the making of such contract by the bankrupt, agreed with Wunsch, president and principal stock-

holder of the bankrupt, to pay him, from the 10 per cent. commission received by defendant, a commission of 6 per cent., which arrangement is alleged to have been made without the knowledge of the bankrupt.

In the second cause of action it is alleged that in or about the month of August, 1911, defendant entered into a similar contract with the predecessor Pennsylvania corporation, to the rights of which the bankrupt corporation had succeeded. It is alleged that at the time of the making of such contract an arrangement was made to pay Wunsch, president and principal stockholder of the Pennsylvania corporation, a similar commission of 6 per cent. from the 10 per cent. commission which was received by the defendant corporation.

Plaintiff, after offering to permit defendant to retain what plaintiff alleges to be just compensation for defendant's services as a factor, viz., 4 per cent. of the 10 per cent. commission received by it, prays that it be adjudged and decreed—

"that all moneys received by the defendant pursuant to the contracts herein complained of, over and above its equitable compensation for services rendered, belong as of right to the bankrupt estate, * * * and that it be adjudged and decreed that defendant hold the sum of $24,000 in trust for the bankrupt, and that it be further adjudged and decreed that the defendant pay to complainant, as trustee for creditors of said bankrupt, the said sum of $24,000. * * * "

Defendant sets up "a set-off or counterclaim to the causes of action attempted to be set forth in the amended bill of complaint." Defendant alleges that the entire assets which have come into the hands of the plaintiff trustee are wholly insufficient to pay any dividends upon the claims of creditors of the bankrupt; that defendant has duly filed its proofs of claims, showing that the bankrupt is indebted to it in the sum of $23,609.12, and that these claims are made up of an indebtedness upon drafts accepted and paid by defendant for account of the bankrupt and an indebtedness growing out of a deficiency judgment entered against the bankrupt in favor of the holders of certain of its bonds, of which the defendant was the holder of $10,000, principal amount.

Defendant has not moved to dismiss the bill; its counsel stating that such a motion was at first contemplated, but that it was decided that the same result could be reached by the equitable set-off pleaded in the answer.

[1, 2] It is urged by defendant that, if there is any action by the plaintiff, such an action is on the law side and not in equity. The attention of counsel is called to chapter 90 of United States Statutes at Large of 1915, being the amendment of March 3, 1915, by which a suit brought on the wrong side of the court can be transferred to the appropriate side of the court. Whether this suit should be on the law side or the equity side is not important for the purposes of this decision, because the same result must be reached in either event.

Judge Cardozo in Schank v. Schuchman, 212 N. Y. at page 358, 106 N. E. at page 128, calls attention to the proposition that:

"The action for money had and received is based, however, upon equitable principles."

As the bill is framed, it may be construed as setting forth a cause of action for money had and received, even though the pleader in the prayer has inserted the additional theory of a trust. I think the defendant misconstrues the meaning of Schank v. Schuchman, supra. The question there was whether the amended complaint stated a cause of action. Plaintiffs there seem to have relied solely upon the wrongful act which they charged against defendant. In that case plaintiffs had bought of defendant wagons and parts of wagons, and had also employed him to make repairs. Two employés of plaintiffs, whose duty was to inspect purchases and repairs, received a secret bonus from defendant; the allegation being that this payment was made to these two employés "with intent to influence their action in relation to the business of the plaintiffs." Plaintiffs sued to get back all the money paid by them to defendant, without deduction or condition. The wagons and parts of wagons could not be restored, and were worn out and useless. There was no allegation showing the disparity between the value of these chattels and the price paid for them by plaintiffs. So far as the complaint in that case disclosed, plaintiffs got their money's worth, notwithstanding the secret bonus paid to their employés. The court held, inter alia:

"The plaintiffs must show that it is against good conscience for the defendant to keep the money. * * * They do not show this, where they have consumed what they have received, unless the money exceeds the fair value of that which the defendant gave them. If the defendant's work and wares were paid for at fair prices, the plaintiffs have had a just return for every dollar they have parted with, and the defendant, therefore, can keep the money with good conscience." Schank v. Schuchman, supra, 212 N. Y. at page 358, 106 N. E. at page 128.

In the case at bar, however, it appears that the customary charge of a factor was 4 per cent., and that, if plaintiff's allegations are true, defendant was guilty of the offense denounced by section 439 of the New York Penal Law. There was, therefore, a wide disparity between the value of the services and the price which was agreed upon as the result of the commission of 6 per cent. to Wunsch on the side.

Whether, therefore, the complaint is looked at as setting forth a cause of action in equity or at law, the result is that plaintiff is suing defendant for money had and received, to wit, the amount over and above what may be the fair and reasonable value of the services of defendant as a factor. It may be that plaintiff could have sued to recover back the full 10 per cent.; but I express no opinion upon that proposition, because plaintiff has taken the better course, and, believing himself in equity, has followed the thought of the case of Schank v. Schuchman and offered to let defendant retain what would be fair compensation for its services.

[3] In the first place, I am of the opinion that the set-off alleged by defendant is not in the same right and does not fall within the provisions of section 68 of the bankruptcy statute. Act July 1, 1898, c. 541, 30 Stat. 565 (Comp. St. 1913, § 9652). But I need not stop to discuss this point in detail, because I can put my conclusion upon much broader grounds. In my opinion, a court of equity should not permit a set-off of this kind, where the party urging the set-off has been guilty

of the violation of a penal law and of the kind of conduct which is morally unsound and tends to undermine the integrity of modern business. To permit such a set-off would amount to an encouragement of practices of this character. If this defendant can in effect escape its wrongdoing by setting off the debt due it, when other creditors must take their chances by proving their claims in bankruptcy, the honest merchant may well inquire how it is that courts postpone him until the dishonest merchant escapes the consequences of his wrongdoing.

[4] In the next place, whether in law or in equity, the set-off cannot be availed of. It was distinctly held in Sirkin v. Fourteenth Street Store, 124 App. Div. 384, 108 N. Y. Supp. 830, that an agreement of the kind here discussed was void and unenforceable, and therefore that there could be no recovery for goods sold by bribing buyer's agent. This view was inferentially approved in Schank v. Schuchman, supra, where the court said (212 N. Y. at page 359, 106 N. E. at page 129):

"If the defendant were suing the plaintiffs for the price, and the court were to deny him relief, its refusal would not rest upon the ground that it would be against good conscience for him to have the money. The basis of its refusal would rather be that because of his illegal acts the law would leave him where it found him. Oscanyan v. Arms Co, 103 U. S. 261 [26 L. Ed. 539]; McMullen v. Hoffman, 174 U. S. 639 [19 Sup. Ct. 839, 43 L. Ed. 1117]."

So here I think the defendant should be left where in law it placed itself. If, for instance, the commissions had not been paid, defendant could not have sustained an action for and obtained recovery of such commissions. That, however, is precisely what it is attempting to do by this set-off, which constitutes an affirmative defense.

It seems to me that, from whatever point of view the question is approached, the result is that the set-off cannot be entertained. I deem it desirable, however, to point out that defendant denies that the transactions were of the sinister and improper character alleged by plaintiff, and that in describing the transactions I have, of course, merely referred to them in the manner set forth in the complaint. I make this note because some stranger reading this memorandum might form an opinion of defendant which in fact might be unjust and unsupported on the trial of the case.

Motion granted.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes