# STAUB v. STAUB.

---

EQUITY; PARTITION; APPEAL AND ERROR; DEEDS; JOINT TENANCY; SURVIVORSHIP.

1. A suit for partition cannot be made the means of trying a disputed title, even though there are no disputed questions of fact in the case. (Following *Roller* v. *Clark,* 19 App. D. C. 539; *Jordan* v. *O'Brien,* 33 App. D. C. 189; *Hasler* v. *Williams,* 34 App. D. C. 319, and distinguishing *Taylor* v. *Leesnitzer,* 37 App. D. C. 356.)

2. Where a bill for partition was dismissed on the ground that there was a disputed question of title involved and that the plaintiffs had an adequate remedy at law, this court on an appeal by the plaintiffs from the decree of dismissal entertained the appeal, the record showing there was no disputed question of fact involved, in view of § 274a of the Act of Congress of March 3, 1915 (38 Stat. at L. 956, chap. 90), providing that if it be found, at any stage of a case, that a suit at law should have been brought in equity, or *vice versa,* the court shall order an amendment of the pleadings necessary to conform them to the proper practice.

On Petition for a Rehearing.

3. A deed which was delivered prior to the enactment of the District of Columbia Code must be construed in accordance with the law as it existed before the Code went into effect.

4. The devisees of the survivor of five sisters take an estate in fee in land conveyed, prior to the enactment of the District of Columbia

Code, to all of them as joint tenants for life and the life of the longest liver, the grantor reserving the fee to himself; but should they or any of them survive him, then the fee to vest in the survivor or survivors, and her or their heirs—where the grantor predeceased the last surviving sister, as the joint tenancy of the grantees in the life estate was enlarged into a joint tenancy in fee in the survivor or survivors of the grantor. (Citing *O'Brien* v. *Dougherty*, 1 App. D. C. 148; *Alsop* v. *Fedarwisch*, 9 App. D. C. 408; *Seitz* v. *Seitz*, 11 App. D. C. 358.)

No. 3051.    Submitted November 8, 1917.    Appeal dismissed December 3, 1917.    Petition for rehearing denied and decree affirmed February 4, 1918.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, dismissing a bill for partition.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. A. E. L. Leckie, Mr. C. R. Colvin, Mr. Joseph W. Cox,* and *Mr. Joseph T. Sherier* for the appellants.

*Mr. Thomas H. Patterson* for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decree in the supreme court of the District dismissing a bill for the partition of certain real estate in the District of Columbia, known as part of lot 25 in Beatty and Howkins addition to Georgetown.

Appellants' (Henry C. Staub, William J. Staub, Catherine Perry, et al.) claim of title is based upon a deed dated April 9, 1878, from Jacob F. Staub, the then owner of the above real estate, to his five sisters, the contention of appellants being that they, as heirs at law of four of these sisters, are tenants in common with the appellees (Millard F. Staub, Clifton Murray Deener, and John C. Thompson, executor), who are the devisees and executor under the will of the fifth sister, whose death was subsequent to that of the other four. It therefore clearly appears

that the petition of appellants is adverse to the rights claimed
by the appellees.

A motion was made in the court below to dismiss the petition
upon the ground that appellants have a full, complete, and
adequate remedy at law, but this motion was overruled. The
same point is made here, and it must be sustained, since a bill
for partition cannot be made the means of trying a disputed
title. *Clark* v. *Roller,* 199 U. S. 541, 545, 50 L. ed. 300, 302,
26 Sup. Ct. Rep. 141; *Jordan* v. *O'Brien,* 33 App. D. C. 189;
*Hasler* v. *Williams,* 34 App. D. C. 319. It is true that in
*Taylor* v. *Leesnitzer,* 37 App. D. C. 356, a similar proceeding,
we determined the rights of the parties, but in that case there
was no motion to dismiss upon the ground here suggested. It
is significant, however, that when the case was before the Su-
preme Court of the United States upon appeal from a prior
decision of this court, that court pointed out that the bill was
adverse to the defendant's rights, and cited *Clark* v. *Roller,* in
which, as above noted, it was ruled that a bill for partition can-
not be made the means of trying a disputed title. This, of
course, was a plain intimation that the proceeding was prema-
ture. While there are no disputed facts in the present case,
there is no reason why the regular procedure should not have
been followed.

The appeal, therefore, will be dismissed, with costs, but with-
out prejudice. *Roller* v. *Clark,* 19 App. D. C. 545.

                                        *Appeal dismissed.*

Thereafter the appellants presented a petition for a rehear-
ing, as a result of which the Court delivered, through Mr.
Justice ROBB, the following opinion:

The appellants have filed a petition for a rehearing, based
upon section 274a of the Act of March 3, 1915 (38 Stat. at L.
956, chap. 90), to which our attention was not directed either in
the briefs or in argument, and which provides that if it be
found, at any stage of a case, that a suit at law should have been
brought in equity, or *vice versa,* the court shall order any
amendment to the pleadings necessary to conform them to the
proper practice.

We think the facts of this case bring it within the provisions of the above act, because appellants' claim of title is based upon a deed, and, as found in our previous opinion, there are no disputed questions of fact. The result of sending the case back, therefore, would be, not to have disputed questions of fact determined by jury, but merely to have the same court pass upon the same question of law, and this is the test. *United States use of John Davis Co.* v. *Illinois Surety Co.* 226 Fed. 663; *Collins* v. *Bradley Co.* 227 Fed. 199; *National Surety Co.* v. *United States,* L.R.A.1917A, 336, 143 C. C. A. 99, 228 Fed. 577; *Palmer* v. *Doull Miller Co.* 233 Fed. 309. We therefore will proceed to a determination of the case on the merits.

On April 9, 1878, Jacob F. Staub executed a deed conveying the real estate here in question to his five sisters, "as joint tenants for and during the term of their natural lives and the life of the longest liver * * * to have and to hold the said real estate described as aforesaid to the said parties of the second part, for and during the term of their natural lives and of the longest liver thereof, as joint tenants; said Jacob F. Staub reserving the fee simple in said real estate to himself; but should said parties of the second part or any of them survive said Jacob F. Staub, then and in that event, the fee in said real estate shall vest in said survivor or survivors of (said Jacob F. Staub's said sisters), the parties of the second part, her or their heirs and her and their assigns." It is the contention of appellants that, since they are heirs at law of four of the sisters, they are tenants in common under this deed with the appellees, who are the devisees and executors under the will of the fifth sister, whose death was subsequent to that of the other four. As this deed took effect long prior to the enactment of the Code, it must be construed in accordance with the then prevailing rule, as determined by this court.

In *O'Brien* v. *Dougherty,* 1 App. D. C. 148, 163, construing a will made in 1871, it was pointed out that the common-law principle upon the subject then prevailed here, and that the words, "after her death (the life tenant), to revert to my surviving children," imported a joint tenancy. In *Alsop* v. *Fedarwisch,* 9 App. D. C. 408, the grant in the deed was to the "par-

ties of the second part and their heirs and assigns forever."
The court said that "the terms of the deed, both in the general
granting clause and in the habendum clause, are those that have
been used from time immemorial for the creation of joint ten-
ancies, and which have always and uniformly been construed to
create estates in joint tenancy." *Seitz* v. *Seitz,* 11 App. D. C.
358, involved the construction of a deed dated April 11, 1879
(a year later than the deed here involved) ; and it was held that,
notwithstanding the habendum and tenendum clauses contained
the words, "to have and to hold the said two undivided third
parts of the hereinbefore described premises, with the appur-
tenances thereof, unto and to the use of the said parties of the
third part, their heirs and assigns, to their sole use, benefit, and
behoof forever," an estate in joint tenancy was created. The
court directed attention to the words of the granting clause,
"unto the said parties of the third part, their heirs and assigns,"
and observed that such words "from time immemorial have
always and invariably, in the absence of statutory provisions to
the contrary, been construed as creating a joint tenancy." The
court attached no consequence to the use of the word "sole" in
the habendum clause, ruling that it did not mean "several."
Williams, in his work on Real Property, 4th ed. page 129, says:
"The lands intended to be given to joint tenants in fee simple
are limited to them and their heirs, or to them, their heirs and
assigns, although the heirs of one of them only will succeed to
the inheritance, provided the joint tenancy be allowed to con-
tinue." See also Freeman, Cotenancy & Partition, 2d ed. secs.
24 and 25.

In the deed before us a joint life tenancy is created in the
grantor's sisters. In the second part of the habendum clause
the grantor undertakes to dispose of the remainder by providing
that if all his sisters survive him the fee shall vest in them and
their heirs and assigns, or if any of them survive him the fee
shall vest in such survivor or survivors, her or their heirs and
assigns. It is clear, of course, under the decisions to which we
have referred, that had all the sisters survived the grantor they
would have taken the fee as joint tenants; for the language is:
"But should said parties of the second part * * * survive

said Jacob F. Staub. then and in that event, the fee in said real estate shall vest in said   *   *   *   survivors   *   *   *   their heirs and   *   *   *   assigns." Clearly it was not intended to create a joint tenancy in the event of the survival of all the sisters and a tenancy in common in the event of the survival of some of them. The words, "or any of them," in the second part of this clause, refer merely to a class, that is to say, they aptly describe the survivor or survivors, whether one or four. The first part of this clause specifically creates a joint life tenancy in the sisters. The purpose of the second part is to enlarge that estate into a joint tenancy in fee in the survivor or survivors of the grantor. In other words, reading the clause as a whole, we think it quite apparent that the grantor did not intend to create a joint life estate in the first part and a remainder in common in the second part.

The decree must be affirmed, with costs.               *Affirmed.*