Irving Trust Company, as Trustee in Bankruptcy of H. M. Kouri Corporation, Plaintiff, *v.* B. Altman & Co., Defendant.

City Court of New York, New York County, August 2, 1933.

*Proskauer, Rose & Paskus* and *Harry Silverman*, for the plaintiff.

*Marlow & Hines* and *Richard Lincoln*, for the defendant.

Madigan, J.   Section 68 of the Bankruptcy Act (U. S. Code, tit. 11, § 108) is invoked to support defendant's counterclaim, which plaintiff seeks to dismiss.   The counter demand is for goods sold and delivered by defendant to a corporation which subsequently

was adjudicated a bankrupt. The complaint, filed by the trustee in bankruptcy, alleges that an officer of the corporation, prior to its being declared a bankrupt, but at a time when it was insolvent, delivered to defendant checks which were drawn to defendant's order on the corporate bank account; that these checks were delivered in payment of the personal indebtedness of such officer to defendant, which accepted the checks and retained the proceeds thereof with notice and knowledge, thus converting to its own use the funds of the corporation, "in derogation of" the rights of creditors.

Moral wrong is not necessarily involved, since it is probable that the checks were received and deposited by defendant's employees without careful examination. But the motion must be decided on the basis of the pleadings, and the complaint sets forth a cause of action for conversion.

The situation presented by the pleadings suggests that section 68, paragraph a, of the act (U. S. Code, tit. 11, § 108, ¶ a) must be so applied under varying circumstances as not to interfere with the equitable distribution of assets which is contemplated by the Bankruptcy Act. Quite apart from the absence of moral wrong defendant may not be permitted to set off its claim; for in this manner it would be paid in full out of funds which, as plaintiff says, were improperly taken with defendant's knowledge from the corporate treasury. Defendant may not be allowed to retain an advantage over other creditors of the same class, obtained, as plaintiff pleads, by defendant's participation in a diversion of assets which otherwise might have been distributed as part of the estate in bankruptcy. To let the counterclaim stand would be tantamount to sanctioning the retention by defendant of funds which, according to the complaint, defendant was never entitled to take. (See, generally, *Palmer* v. *Doull Miller Co., Inc.*, [D. C.] 233 F. 309; see, also, *Lytle* v. *Andrews*, [C. C. A.] 34 F. [2d] 252.)

Though statutes making provision similar to that of section 68, paragraph a, run back in time some two hundred years (*Morgan* v. *Wordell*, 178 Mass. 350; 59 N. E. 1037), no rigid definition of the word "debt," as employed in this connection, has obtained; and it would seem best that the courts should endeavor, in each particular case, to afford the measure of justice, contemplated by the statutory provision, so far as that may be done without coming into conflict with the principle that creditors are to share equitably in a distribution of their debtor's assets.

Although what has been said above indicates the ground on which this application is being decided, reference will be made to other points in the briefs.

Defendant does not seriously urge that the counterclaim is properly interposed under section 266 of the Civil Practice Act or under section 18 of the New York City Court Act; and it is conceded that the doctrine of *Frank* v. *Mercantile National Bank* (182 N. Y. 264) is applicable.

The purpose of the allegation that the corporation was insolvent, at the time its officer delivered its checks to defendant for goods purchased from defendant by him personally, may have been to forestall defenses available in an action brought in the right of the corporation, such as acquiescence of its stockholders. The present effect of that allegation according to plaintiff is to show that this action is brought in the right of creditors. The word " mutual " in " mutual debts or mutual credits " (Bankruptcy Act, § 68, ¶ a) implies that a person sued in one capacity by a trustee in bankruptcy cannot offset a demand running in another capacity to the person so sued. However, as plaintiff's claim may be pressed in the right of the corporation, it would be improper to dispose of the present application on a finding that there is lack of " mutuality," in that plaintiff sues in the right of creditors.

Counsel for plaintiff insist that defendant and the corporation's officer were participants in a diversion of corporate funds, and that, as the officer abused a fiduciary relationship in appropriating them, defendant took the funds charged with a trust. For this reason it is contended that the cross-claims are not " mutual." In *Irving Trust Co.* v. *Gunder* (234 App. Div. 252), the defendant, a director of the bankrupt corporation, was not permitted to set off the indebtedness of the bankrupt to him against a claim for statutory liability based upon his joining as a director in the unlawful declaration of a dividend. The case turned upon the absence of " mutuality," since the defendant, as in *Morris* v. *Windsor Trust Co.* (213 N. Y. 27) was, in effect, sued as a fiduciary for breach of a trust. A somewhat similar situation appears here, it being alleged in substance that defendant knowingly received corporate assets misappropriated by the officer. But whether the analogy is sufficiently complete for present purposes it is not necessary to decide in view of what has been said above.

Defendant points to section 1 (11) of the Bankruptcy Act (U. S. Code, tit. 11, § 1, ¶ 11). Were, however, the meaning of " debt," as employed in section 68, paragraph a, precisely the meaning indicated by section 1 (11), then section 68, paragraph b (1) of the act (U. S. Code, tit. 11, § 108, ¶ b [1]) would be superfluous. In section 1 (U. S. Code, tit. 11, § 1) we must note the precautionary words " unless the same be inconsistent with the context." Moreover, the suggestion that every provable claim is to be allowed as an offset, provided there

be " mutuality," finds little support in the reported cases where the application of section 68, paragraph a, is discussed.

Again, there is cited, and the court has found, no satisfactory holding to the effect that, under section 68, a claim in contract may be set off against a tort claim asserted by a trustee in bankruptcy. That such a set-off may be allowed was the view of the minority of the Supreme Court in *Cumberland Glass Co.* v. *DeWitt* (237 U. S. 447; 35 S. Ct. 636; 59 L. Ed. 1042); but in the opinion in which the majority concurred cited cases of contrary import, including *Matter of Becker Bros.* ([D. C.] 139 F. 366).

The term " debt," as employed in section 68, paragraph a, naturally suggests a contractual source of obligation, especially as " mutual credits " implies " a knowledge on both sides of an existing debt due to one party, and a credit by the other party founded on and trusting to that debt, as a means of discharging it." (*Munger* v. *Albany City National Bank*, 85 N. Y. 580, at p. 590.) (See, also, 57 C. J. 364, § 8 [2] and the cases cited in note 90.)

In the present instance the trustee might have overlooked the alleged wrong and sued for moneys had and received. But he did not do so; and his claim is in no proper sense founded on a " debt." This is true whether we look to the substance of the matter or to the form of the declaration. (55 L. R. A. 33, at p. 74, VI, and cases there cited.)

The motion is granted and paragraphs 10, 11, and 12 are stricken from the answer. Order filed.