P. Bateman Ennis, Washington, D. C., for plaintiffs.

Charles B. Sullivan, Jr., Barrington D. Parker, James F. Bird, Washington, D. C., for defendant.

McGUIRE, District Judge.

This is a complaint for partition of real property, commutation of dower and other relief.

One: Dower has been assigned. The individual plaintiffs are brothers and sisters of the decedent. This is admitted. Two: The sole question, then, in the matter that remains is whether or not all parties are before the Court and, therefore, as a consequence whether or not the title to the premises in question, dower having been assigned, is in the plaintiffs. The defendant has never indicated to the contrary but the question was raised as to the fact that the decedent had children extant by a former wife, one Mattie Jones, presently resident in Philadelphia.

As a consequence, the deposition of the said Mattie Jones was ordered by the Court to be taken for the purpose of resolving this question. It is to be noted that nowhere in the proceeding did the defendant, Ella Jones, formally raise this possibility. Notice properly issued in compliance with the rules, Fed.Rules Civ. Proc. 28 U.S.C.A., and counsel of record attended the proceedings relative to the taking of the deposition in Pennsylvania. In the same, deponent Mattie Jones, now Mattie Robinson, categorically denied any children by Jones arising out of her marital relationship with him, she deposing that she was married to him on December 24, 1921 and separated in 1924,

**Lula GENYARD et al., Plaintiffs,**

v.

**Ella Evans JONES, Defendant.**

**Civ. A. 4935–52.**

United States District Court
District of Columbia.

June 16, 1955.

the separation taking place in Columbia, South Carolina, and that she had not since that date lived with him up to the date of his death.

On May 14, 1945 decedent Jones, in Civil Action No. 28936, filed a complaint for absolute divorce on the grounds of five years' separation against the said Mattie Jones, alleging the fact of marriage as deposed by her, and that *no* children were born of the union, and that she was at that time and had been for some time previous, living in Philadelphia. He stated further, however, that their marital relationship existed for only a period of two years rather than her testimony that it existed for four. The defendant was personally served by process in Philadephia under the rules in such case made and provided, and a member of the Bar of this Court was assigned to represent her and the public interest. She further indicated in a letter addressed to this officer July 16, 1945 that the allegations in the complaint were true and in due course on June 17, 1946 a judgment for absolute divorce was granted between the parties by the then Justice O'Donoghue.

■ That being the situation, since there are no heirs other than those set forth as parties plaintiff in the complaint, and this is confirmed by the petition and letters of administration filed by the defendant in the proceeding, it would appear that title to the property in question as a matter of law passed to the plaintiffs and is presently in them as the only heirs at law of the decedent Charles Jones, Adm. 77038, filed February 1, 1951.

However, it is argued that since the deposition was not signed by the deponent it is invalid for evidential purposes. The rule provides that the deposition shall be signed by the witness unless the parties, by stipulation, waive the signing.[1] And, further, that if the deposition is not signed, the officer shall sign it and state on the record the fact of the waiver of the witness or the fact of the refusal to sign, together with the reason if any therefor. Then the rule further provides " * * * the deposition may then be used as fully as though signed, unless on a motion to suppress under Rule 32(d) the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part."

■ With reference to this aspect of the matter, the Court concludes: (1) There was a waiver and this was agreed to by the physical presence of counsel of record which has the nature and effect of a stipulation; and (2) The subsequent filing of the motion to suppress under the Rule which was filed May 31, 1955 is, as a consequence, without cogency.

This matter has been pending in the Court for a long time, from October 30, 1952, the probate proceedings having been pending since February 1, 1951, and the Court concludes in the circumstances that there is no need under the Rule laid down in Staub v. Staub, 47 App. D.C. 180, for proceeding as outlined there, because here on the facts as indicated there is, as a matter of law, no question as to title as there are no adverse claimants. Therefore, the directory suggestion of Judge Keech predicated upon the presumption that there were minors—presumed children of the decedent—does not apply, the presumption having been categorically and effectively rebutted.

Judgment accordingly. The trustees will proceed as ordered.

---

[1]. Moore's Federal Practice, 2d Ed., Rule 30(e).