Philip I. PALMER, Jr., as Trustee in Bankruptcy of Blue Bonnet Discount Stamp Co., Inc., aka Blue Bonnet Stamp Company, Inc., and B & B Stamp Company, Inc., bankrupt, Plaintiff,

v.

Roy C. STOKELY, Neta K. Stokely, and Stokely Investment Company, A. Corporation, Defendants.

Civ. No. 64-101.

United States District Court
W. D. Oklahoma.

Oct. 20, 1966.

See also, D.C., 255 F.Supp. 674.

Norman E. Reynolds, Oklahoma City, Okl., James R. Alexander, Dallas, Tex., for plaintiff.

Delmer L. Stagner, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of the defendants' Amended Motion for New Trial, the Court finds that the same should be denied.

As to grounds Nos. 1, 2 and 3 in said Amended Motion for New Trial, the Court is satisfied that there is no merit in any of such grounds.

As to ground No. 4, the defendants, pursuant to Rule 59(a) Federal Rules of Civil Procedure, 28 U.S.C.A., are asking the Court to reopen the case, take additional testimony, and amend the findings of fact and conclusions of law heretofore entered, and to enter a new judgment in the case. As to this ground, the defendants desire to establish by evidence, upon a reopening of the case, that the Bankrupt, Blue Bonnet Stamp Company, Inc., (Bankrupt), is indebted to Interstate Distributors, a dissolved corporation, in the sum of $22,334.49, which dissolved corporation, was wholly owned by the defendant, Stokely Investment Company; that since the Court has pierced the corporate veil and found Stokely Investment Company, Southwest Premium Company, and the Bankrupt to be alter egos of the defendants, Roy C. Stokely and Neta K. Stokely, the Court should also find on new evidence to be presented after the

case is reopened that Interstate Distributors was likewise an alter ego of Roy C. and Neta K. Stokely. And, that as a result of such anticipated finding the defendants Roy C. Stokely and Neta K. Stokely be then allowed to set off against the recovery heretofore found by the Court herein in favor of the plaintiffs the said sum of $22,334.49, owed by the Bankrupt to Roy C. Stokely and Neta K. Stokely as the alter egos of Interstate Distributors.

The defendants claim that they are entitled to have the case reopened pursuant to Rule 59(a), Federal Rules of Civil Procedure, 28 U.S.C.A., and then pursuant to Section 68 a of the Bankruptcy Act are entitled to this setoff.

It should be noted that the defendants have not previously in this litigation asserted the right to set off the said claim alleged to be owed by the Bankrupt to Interstate Distributors on the basis that the defendants as alter egos owned said claim and were entitled to set off or be given credit for the same against any amounts found owing by them herein. The defendants throughout this litigation have resisted the position of the plaintiff that the various corporations involved in this litigation, namely, Stokely Investment Company, Southwest Premium Company and Blue Bonnet, were their alter egos and that the corporate veil of the same should be pierced to this effect.

It appears now, after an adverse decision and judgment has been entered herein against them, that the defendants are agreeable to surrender or pay the money found due and owing by them by the decision herein but by reopening the case and establishing the foregoing points by new evidence they desire to set off against said sum the debt of Blue Bonnet which the defendants claim is owing to them instead of Interstate Distributors by reason of the alter ego proposition. The plaintiff resists ground No. 4 of the Amended Motion for New Trial of the defendants, and urges that because the defendants violated the provisions of Section 67d(2) of the Bank-

ruptcy Act by fraudulent transactions, they are not entitled to set off the Blue Bonnet debt even if the same is established as a valid debt and one belonging to them. In this connection, the plaintiff states that even if the defendants establish the validity of the said debt from Blue Bonnet to Interstate Distributors and further establish that Interstate Distributors was an alter ego of the defendants Roy C. Stokely and Neta K. Stokely, in view of the type of recovery obtained by the plaintiff herein the defendants are not entitled to set off said debt under the bankruptcy law. It is the position of plaintiff that in these circumstances the defendants are not entitled to have the debt to Interstate Distributors satisfied on the basis of one hundred cents on the dollar while other creditors, not guilty of fraudulent transactions, must take less; that the defendants as to such debt should only participate pro-rata with the other creditors; that even though this debt or claim has never been filed in the bankruptcy case by the defendants or anyone else they may still do so under the provisions of Section 57 n of the Bankruptcy Act if they desire.

It may be assumed, therefore, for the purpose of considering this Amended Motion for New Trial that the defendants Roy C. Stokely and Neta K. Stokely are or were the alter egos of Interstate Distributors and that Blue Bonnet owed Interstate Distributors the sum of $22,334.49 as a valid debt. The question is thus presented to the Court whether the defendants Roy C. Stokely and Neta K. Stokely, who have been found herein to have violated the provisions of Section 67d (2) of the Bankruptcy Act, are entitled now, first, as a matter of procedure and then, second, as a matter of law to set off a valid debt which may be found to be theirs and owed them by the Bankrupt.

Rule 59(a) (2) Federal Rules of Civil Procedure, 28 U.S.C.A., gives the trial judge the power to prevent what he considers to be a miscarriage of justice by a new trial or by reopening the

case. A motion under this rule invokes the sound discretion of the Court. Federal Practice and Procedure, Rules Edition, Volume 3, page 339. A new trial should not be granted on the basis of a theory which was not urged at the first trial, though it could have been. United States v. Garner, (D.C.N.C.–1964), 236 F.Supp. 632; Krock v. Electric Motor & Repair Co. (1st Cir.–1964), 327 F.2d 213, cert. denied 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298.

In the exercise of sound discretion the Court must deny the motion. A miscarriage of justice will not result from this denial. The defendants should and may receive the same treatment on this claim as the other general creditors of the Bankrupt. The defendants did not file this claim, which they now belatedly seek to set off herein, in the original bankruptcy case, nor did they urge the right of set off at the trial hereof, though they could have.

Moreover, the defendants are not entitled to set off this claim under Section 68 of the Bankruptcy Act. It would be inequitable to allow persons guilty of fraudulent transactions with the Bankrupt to set off claims fully against the estate of the Bankrupt when creditors not so guilty must take less on their claims.

Palmer v. Doull Miller Co., Inc., (S.D. N.Y.–1916), 233 F. 309, provides as follows:

"In the first place, I am of the opinion that the set-off alleged by defendant is not in the same right and does not fall within the provisions of section 68 of the bankruptcy statute. Act July 1, 1898, c. 541, 30 Stat. 565 (Comp.St.1913, S. 9652). But I need not stop to discuss this point in detail, because I can put my conclusion upon much broader grounds. In my opinion, a court of equity should not permit a set-off of this kind, where the party urging the set-off has been guilty of the violation of a penal law and of the kind of conduct which is morally unsound and tends to undermine the integrity of modern business. To permit such a set-off would amount to an encouragement of practices of this character. If this defendant can in effect escape its wrongdoing by setting off the debt due it, when other creditors must take their chances by proving their claims in bankruptcy, the honest merchant may well inquire how it is that courts postpone him until the dishonest merchant escapes the consequences of his wrongdoing."

Lytle v. Andrews (8th Cir.–1929), 34 F.2d 252, provides as follows:

"Conceding the right of plaintiff to recover, the defendant lastly insists that he is entitled to set off the $13,741.12 which he paid to the Sioux National Bank on his guaranty contract. The term 'mutual debts and credits' in the bankruptcy law does not include a claim like the one involved here. Lytle received these funds in violation of a trust, and cannot in that way obtain a preference. The manner in which he obtained these assets precludes him from setting up that they were obtained under contract with the corporation. The amount which he paid on his guaranty is entitled to share ratably in the assets of the corporation, but cannot be used as a set-off in this case."

Irving Trust Co. v. Finance Service Co., (2nd Cir.–1933), 63 F.2d 694, provides as follows:

"The last question is whether the defendant may claim as a credit or offset against collections upon the accounts, so much of the borrowed money as the bankrupt used to pay its debts. * * * In our first opinion we held this amount a proper deduction; we have had a reargument, and now conclude that we were wrong. * * * The accepted federal rule is quite the contrary; even though the guilty grantee discharges liens against the property, or improves it, he may claim no credit in the account. Milwaukee & M. R. Railroad Company v. Soutter, 13 Wall. 517, 20 L.Ed. 543; Burt v. C. Gotzian & Co., 102 F. 937,

946, 947 (C.C.A. 8); Blank v. Aronson, 187 F. 241 (C.C.A. 8)."

Also see Western Tie & Timber Co. v. Brown, 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571 (1905); Arkansas Fuel Oil Co. v. Leisk (Fifth Cir.–1943) 133 F.2d 79; and In re Onondaga Litholite Company, (Second Cir.–1955), 218 F.2d 671, 50 A.L.R. 2d 308.

■ In addition, it is not felt that we are dealing here with "mutual debts or mutual credits" within the intent of Congress in the passage of Section 68 of the Bankruptcy Act. The claim the trustee asserts herein cannot fairly be said to constitute a "debt" between the estate of the Bankrupt and the defendants, nor is it a "mutual" matter in any sense of the word. Lytle v. Andrews, supra; Collier on Bankruptcy, 14th Edition, Vol. 4, Sec. 68.02, page 719–734 Incl.

Also, Collier on Bankruptcy, 14th Edition, Vol. 4, Sec. 68.02, pages 711–712, states:

"Despite the seemingly mandatory language of Sec. 68a, it has been stated frequently that the privilege of set-off under Sec. 68a is permissive, not mandatory; and that its application, when invoked, before a court, rests in the discretion of that court, which exercises such discretion under the general principles of equity." (Citing numerous cases.)

■ In equity a creditor guilty of a fraudulent transaction toward the Bankrupt should not by set-off receive full payment on a claim when other creditors who have not acted fraudulently toward the Bankrupt must receive less by sharing pro-rata in what is left.

■ Lastly, the defendants as officers of the Bankrupt, and by virtue thereof fiduciaries, cancelled without consideration the sizeable debt owed the Bankrupt by another corporation which the defendants owned. The other acts complained of herein were done by the defendants as fiduciaries of the Bankrupt. Collier on Bankruptcy, 14th Edition, Vol. 4, Sec. 68.04, pages 732–734, states:

"In general where the liability of the one claiming a set-off arises from a fiduciary duty or is in the nature of a trust, the requisite mutuality of debts or credits does not exist, and such person may not set off a debt owing from the bankrupt against such liability. And likewise, where a trustee of a bankrupt corporation is seeking to recover from a stockholder the amount of his unpaid subscription for stock, the stockholder may not off set against such liability a claim owing to him from the bankrupt corporation." (Citing numerous cases).

The liability of the defendants to the trustee herein resulting in the $53,745.86 judgment, arose from a breach of the fiduciary duty of the defendants as officers of the Bankrupt to preserve and protect its assets and not cancel them without any consideration or benefit to the Bankrupt or its creditors or otherwise improperly dispose of the same to the disadvantage of the Bankrupt or its creditors. Under the above authority and the numerous cases cited in support thereof and the Memorandum Opinion of the Court filed herein, the defendants may not set off a debt owing from the Bankrupt against such liability.

In view of the foregoing and for each and all of the reasons set out above the Court cannot grant the defendants' Amended Motion for New Trial and entertain the defendants' request for a set off.

The defendants' Amended Motion for New Trial is therefore denied.